My opinion therefore is, that the witness should have been excluded.

---

JOHN F. QUEEN, use, &c., *vs.* NEWET H. & WILLIAM VICK.

Under the statute (Hutch. Co. 920) which provides for the sale of judgments for the non-payment of costs, in no case can the court order the sale of a judgment of a resident plaintiff until after the return of *nulla bona* on executions issued returnable to different terms of the court, against both the defendant and plaintiff in such judgment.

An order of sale for costs of a judgment in favor of a non-resident plaintiff, made at the return term of the execution, issued against the defendant, is null and void.

IN error, from the circuit court of Warren county, Hon. George Coulter, judge.

On the 16th of April, 1849, Queen, use of, &c., obtained judgment against Newet H. & Wm. Vick, for $493. On the first of June, 1849, an execution issued on this judgment, and was returned on the 4th of the same month *nulla bona.*

On the 27th of October, 1849, the clerk of the court moved for an order of sale of the judgment, for the payment of the fees, costs, and commissions due upon it; the record reciting

that judgment had been obtained, *nulla bona* returned, and the plaintiff's usees were non-residents.

The fiat to sell issued on the 8th of January, 1850, no sale was made, and an alias order issued May 18, 1850; and on the 5th of August, 1850, it was sold to Newet H. Vick, one of the defendants, for $27.45.

On the 14th of June, 1851, the plaintiff moved to set the sale aside for want of notice, and embodied the proof in the record, consisting of the order of sale merely, without notice. The court below refused to set aside the sale, and this writ of error was sued out.

*W. C.* and *A. K. Smedes,* for appellant.

The only questions in this case are, 1. As to the validity of a sale of a judgment in favor of a non-resident creditor for the costs, on the mere motion of the clerk. 2. And when the defendant in execution is the purchaser.

1st. Is such a sale valid, in any case, without notice to the plaintiff, actual or constructive, of the motion for its order? The statute (Hutch. Co. 920–923) does not provide in express terms for notice to the plaintiff; but is not notice necessary upon the general and fixed rule that no man shall be deprived of his property except by due course of law, which involves of necessity notice to him of the proceeding? There is no principle better settled than that an order, judgment, or decree is void, when the court rendering it has not jurisdiction of the subject-matter and of the parties; both must concur to make the proceedings valid. *Commercial Bank of Manchester* v. *Martin,* 9 S. & M. 613; *Enos* v. *Smith,* 7 Ib. 85; 5 Ib. 210; 1 Ib. 351; Ib. 521.

Had the court, then, jurisdiction of the plaintiff below? The record shows affirmatively that he had no notice of the clerk's motion or of the proceedings thereon. The motion is to sell his judgment for the costs. Before that motion can prevail, various preliminary facts have to be established. The rendition of the judgment, the issuance of the execution, the return of *nulla bona,* the amounts due each officer of the court, and the important fact, existing solely *in pais,* of the non-residence of the plaintiff.

All of these are adjudicated on the motion and at the instance of a third party without the least notice to the plaintiff or his attorney, and when there is no cause in court; for when the judgment was rendered against the defendant, the case was out of court. Here, then, upon a strictly *ex parte* proceeding, a trial is had, facts are established, conclusions reached, and a judgment rendered, while the plaintiff, the party mainly interested, is a thousand miles off, and not a hint of the proceeding is given to him. It is too obvious for argument, that an order thus rendered is absolutely void for want of notice to the plaintiff.

No counsel for appellee.

Mr. Justice FISHER delivered the opinion of the court.

This was a motion by the plaintiff below, in the circuit court of Warren county, to set aside and have vacated an order of sale, made at the October term, 1849, of said court, directing the plaintiff's judgment to be sold for the payment of the jury, tax, and costs due to the officers of court.

It appears from the record that the judgment was recovered by the plaintiff on the 16th day of April, 1849, that an execution issued thereon on the 1st of June following, and was returned to the October term of said court, *nulla bona.* It further appears from the order of sale that the plaintiff's usee was a non-resident of the State.

The question arises upon this statement of the case, whether the court could make the order of sale, at the same term of the court to which the execution issued against the defendants was returned *nulla bona.*

The first section of the act of 1844, providing for the sale of judgments for the payment of costs, declares that if the plaintiff be a resident of the State, before such order of sale shall be made, an execution shall have been issued against him, and returned *nulla bona.*

Thus it appears that in no case can the court order the sale of the judgment of a resident plaintiff, until after the return of *nulla bona* on executions, issued returnable to different terms of the court, against both the defendant and plaintiff in such judg-

Queen *v.* Newet H. & William Vick.

ment. From this it is manifest, that the very earliest period at which the court can entertain jurisdiction of a motion to subject to sale the judgment of a resident plaintiff, is the second term of the court after the recovery of the judgment. The order of sale in the present case, was made at the term of the court next after the recovery of the judgment; and the inquiry arises, whether the legislature intended to make a distinction between the rights of a resident and non-resident plaintiff, in this respect. We think not. It is true that no execution is required to be issued against a non-resident plaintiff before the order of sale shall be made. But in no case can the court take jurisdiction of a motion in this class of cases, until an execution against the defendant in the judgment shall have been returned *nulla bona,* and then only in the mode, and at the time specified in the law. The reason of the rule is obvious; the defendant against whom a judgment has been recovered, is the party under our law primarily liable for the costs of the suit. The plaintiff only becomes liable when the fact of the defendant's inability to pay has been legally ascertained.

This fact having to be ascertained by the return of *nulla bona* on an execution issued against the defendant, the plaintiff being a non-resident of the State, is not presumed to know at the same term of the court to which the execution is returned, of the liability which has been fixed upon him, by the return upon such execution, or to be at that term of the court in default in discharging a liability, of the existence of which he has no knowledge.

The law failing to provide for actual notice to the plaintiff of the application to sell his judgment, can only be sustained upon the ground that every man is presumed to be ordinarily watchful of his interest, and attentive to his business; and the plaintiff acting upon this principle might be presumed, within a reasonable time after the return of the execution against the defendant, to be informed of the return made by the officer on the writ, and in this way be informed of his liability to pay the costs. The question then arises, What is this reasonable time allowed to the non-resident plaintiff, within which to gain this

56 *

information as to his liability having become fixed for the payment of the costs of his suit?

The language of the first section of the act already referred to, though not entirely free from doubt, is nevertheless sufficiently clear to give a satisfactory answer to this question. The act provides for the sale of judgments rendered both before and after its passage; and in reading it, to understand fully the meaning of the legislature, it is necessary to note particularly the class of judgments to which certain language or clause of a sentence is intended to apply. The whole question, indeed, depends upon the construction to be given to the following sentence, or rather part of a sentence, namely, " Or if they (meaning the costs) should not be paid on or before the first day of the succeeding term of the court hereafter, or after the return of said execution, it shall be lawful for the court " to order the sale, &c. Now this language can be rendered perfectly clear and intelligible by merely supplying what is understood, but which is omitted in the last clause of the sentence. It should. then read as follows : " Or if they (the costs) should not be paid on or before the first day of the succeeding term of the court hereafter, (referring to judgments rendered before the passage of the law,) or on or before the first day of the succeeding term of the court," after the return of said execution, meaning the execution in a previous part of the section to be returned *nulla bona* against the defendant, then the court may order the sale of the judgment, &c. This being clearly the meaning of the law as well as the intention of the legislature, we are compelled to hold that the order of sale made at the return term of the execution issued against the defendants, is void, and that the court below, therefore, erred in not sustaining the motion.

Judgment reversed, motion sustained, order of sale declared null and void.